AO 91 (Rev 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
July 3, 2025, 3:00 pm (ea)
Lucy H.Carrillo, Clerk of Court

United States of America
v.
DAVID L. KEANINI

*Defendant(s)*

Case No. MJ25-00849 RT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 3, 2025 in the county of Honolulu in the District of Hawaii, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC 841(a)(1) and 841(b)(1)(B) | Possession of methamphetamine with intent to distribute |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Sean Sanchez, DEA TFO

*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: 07/03/2025

City and state: Honolulu, Hawaii

Rom A. Trader
United States Magistrate Judge

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Sanchez, Task Force Officer of the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state:

## BACKGROUND

1. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 21 of the United States Code.

2. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration, and have been since January, 2025. I am currently assigned to the Los Angeles Field Division, Honolulu District Office in Honolulu, Hawaii. Our principal responsibility is to investigate narcotics trafficking and distribution in Hawaii and elsewhere. I am knowledgeable about State and Federal laws pertaining to narcotics and illegal drugs. I have participated in investigations of offenses enumerated in Section 2516 of Title 18, United States Code, that is: (a) the distribution and possession with intent to distribute controlled substances, (b) the use of communication facilities to facilitate the same, (c) money laundering, (d) conspiracy to do the foregoing, and (e) aiding and abetting these offenses, all in violation of Title 21, United States Code, Sections 841, 843, and 846, and Title 18, United States Code, Sections 2, 1956, and 1957.

3. During my tenure with the DEA, I have participated in numerous investigations where I have: (a) conducted physical surveillance; (b) executed search warrants; (c) reviewed and analyzed numerous recorded conversations and records of drug traffickers; (d) debriefed cooperating drug traffickers and; (e) monitored conversations of drug traffickers; and (f) conducted surveillance of individuals engaged in drug trafficking, money laundering, and other violations of federal law. Through my training, education, and experience, as well as the experience and knowledge of my fellow law enforcement officers, I have become familiar with: (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement.

4. The facts contained in this affidavit are known to me through my personal knowledge, training and experience and through information provided to me by individuals familiar with the facts that I consider to be truthful and reliable. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the requested warrant.

5. This affidavit is submitted for the purpose of establishing probable cause that, David L. KEANINI ("KEANINI"), the defendant, possessed with the

intent to distribute a controlled substance, namely five or more grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## PROBABLE CAUSE

6. In June 2025, investigators with the DEA received information from Honolulu Police Department ("HPD") investigators that David KEANINI was distributing pound quantities of methamphetamine in the Kahili and McCulley areas of Honolulu County.

7. On July 2, 2025, investigators with the DEA, in conjunction with HPD investigators, established surveillance at a residence known to belong to KEANINI.

8. Later that night, HPD Investigators observed KEANINI depart his residence on foot and enter the driver seat of a silver, four-door Honda sedan as the sole occupant.[1] Investigators then observed KEANINI depart in the Honda and enter the H1 freeway. As HPD investigators surveilled KEANINI on the freeway, it became apparent to them that he was speeding: the part of the roadway where they were traveling has a posted speed limit of 55 mph; however, KEANINI passed one of the surveillance units that was traveling at approximately the speed

[1] Earlier that evening, investigators observed KEANINI driving a female believed to be his girlfriend with this vehicle.

limit. Furthermore, it was apparent to HPD investigators that KEANINI was speeding well past the posted 55 mph limit because they had to speed up to approximately 93 mph just to maintain a visual of the him. As HPD investigators surveilled KEANINI while they were traveling at approximately 93 mph, they noticed that the Honda continued to pull away from them.

9. Shortly thereafter on July 3, 2025 at approximately 12:11 a.m., HPD Investigators initiated a traffic stop of KEANINI for H.R.S. § 291C-101—"Basic Speed Rule" in the McCully region of Honolulu County. As HPD investigators approached the Honda, they observed KEANINI, the sole occupant and driver, make a furtive movement towards the driver's side floorboard area of his vehicle. HPD investigators asked KEANINI why he was reaching toward the floorboard, to which he stated he was grabbing his cellphone. However, investigators noticed that KEANINI had a cellphone in the center console area of the vehicle. Investigators also noticed that KEANINI appeared to be under the influence of alcohol or a controlled substance: he was exhibiting slow, slurred speech, had clammy skin, was sweating profusely, and had extremely bloodshot eyes. HPD investigators informed KEANINI they were going to issue him a traffic citation for violating H.R.S. § 291C-101.

10. DEA TFOs then removed KEANINI from the Honda for officer safety as they and HPD investigators worked to determine whether KEANINI was in fact

under the influence of alcohol or a controlled substance. DEA investigators asked KEANINI if there were any explosives in the vehicle, to which he laughed and stated there were not. DEA investigators then asked if KEANINI would consent to them searching, at which time he stated they could search for explosives.

11. At approximately 12:16 a.m.—and prior to DEA investigators searching KEANINI's vehicle pursuant to his aforementioned consent—a drug-detection canine arrived at the scene of the traffic stop. Approximately three minutes later, the drug-detection canine was used to determine if the odor of controlled substances was emanating from the Honda; consequently, the canine positively alerted to the presence of controlled substances at approximately 12:22 a.m. Following the positive alert that was made by the drug-detection canine, KEANINI made a spontaneous utterance stating "all this for 13 grams."

12. As a result of the positive alert to the presence of controlled substance, a search of the vehicle was conducted, which yielded four plastic Ziplock type bags containing crystal like shards suspected of being methamphetamine with a combined weight of approximately 78.7 gross grams, approximately 30.4 gross grams of a green leafy type substance suspected of being marijuana, one digital scale containing crystal residue shards, and one red scoop. One of the above-described Ziplock type bags containing methamphetamine had an approximate weight of 13 gross grams. A later presumptive test of the recovered

suspected methamphetamine yielded a positive result for methamphetamine.

13. I know, due to my training and experience, that drug distributors frequently use small, Ziplock bags to distribute drugs with, and use scales and scoops to measures quantities of drugs they are preparing for sales. Additionally, the discovery of the aforementioned items further supports the conclusion that the methamphetamine was intended for distribution. Based on my training and experience, I also believe that the amount of methamphetamine recovered and the method it was packaged are consistent with distribution. Furthermore, based on my experience as a narcotics investigator, methamphetamine that has been previously encountered in Hawaii has tested at a purity level of 90% or higher.

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

14. Based on the facts described above, and on my training and experience, I submit that there is probable cause to conclude David L. KEANINI possessed with intent to distribute a controlled substance, namely five grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

FURTHER AFFIANT SAYETH NAUGHT.

Sean Sanchez
Task Force Officer, DEA

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 2:49 p.m. on July 3, 2025.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b).

Rom A. Trader
United States Magistrate Judge